# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TRESCA GREEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.:** _____ |
| ) | |
| **ARTHUR MANN, SAMUEL** ) | JURY TRIAL DEMANDED |
| **CORALUZZO CO., INC., d/b/a** ) | |
| **S. CORALUZZO CO., INC., PENCO** ) | |
| **LEASING, LLC and UNKNOWN** ) | |
| **CORPORATIONS XYZ,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, TRESCA GREEN, brings this Complaint for Damages, and shows the Court as follows:

1.

Plaintiff Tresca Green resides at 1868 Sussex Drive, Macon, Bibb County, Georgia 31206, and is subject to the jurisdiction of this Court.

2.

Defendant Arthur Mann resides at 705 American Boulevard, Warner Robbins, Houston County, Georgia 31093. He may be served at his place of residence.

-1-

3.

Defendant SAMUEL CORALUZZO CO., Inc d/b/a S. CORALUZZO CO., INC. is a foreign profit corporation organized under the laws of the State of Georgia and may be served through its registered agent CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

4.

Defendant Penco Leasing, LLC is a foreign limited liability corporation organized under the laws of the State of New Jersey and may be served via the CFO of said company, Michael V. Penza, 1713 N. Main Road, Vineland, New Jersey, 08360.

5.

Defendants UNKNOWN XYZ CORPORATIONS are entities that may be determined later during the course of this lawsuit, who are liable as brokers, vehicle maintenance companies, shippers, or owners. Upon discovery of the names and locations of these entities, they will be joined as defendants.

6.

Defendants are joint tortfeasors.

## JURISDICTION AND VENUE

7.

There is complete diversity of citizenship between the Plaintiff and all Defendants, and the amount in controversy is greater than $75,000.00, thereby establishing jurisdiction in this Court pursuant to 28 U.S.C. § 1332.

8.

Venue is proper in the Middle District of Georgia, Macon Division pursuant to Local Rule 3.4 as the torts alleged in this action occurred in the Middle District.

## FACTS

9.

Defendant MANN is a professional truck driver to whom Georgia issued a Commercial Driver's License # 045091412, who operated a commercial motor vehicle in interstate commerce in the course and scope of employment for SAMUEL CORALUZZO CO., INC. d/b/a S. CORALUZZO CO., INC.

10.

Defendant MANN is a professional truck driver to whom Georgia issued a Commercial Driver's License # 045091412, who operated a commercial motor vehicle in interstate commerce in the course and scope of employment for Defendant PENCO LEASING, LLC.

11.

Defendant MANN is a professional truck driver to whom Georgia issued a Commercial Driver's License # 045091412, who operated a commercial motor vehicle in interstate commerce in the course and scope of employment for Defendants UNKNOWN XYZ CORPORATIONS.

12.

Defendant SAMUEL CORALUZZO CO., INC. d/b/a S. CORALUZZO CO., INC. is an interstate motor carrier registered with the Federal Motor Carrier Safety Administration, USDOT # 156123, authorized to conduct business in interstate commerce.

13.

Defendant PENCO LEASING, LLC is an interstate motor carrier registered with the Federal Motor Carrier Safety Administration, USDOT # 1842340, authorized to conduct business in interstate commerce.

14.

On January 28, 2021, at approximately 10:15 PM, Defendant MANN was the operator of a 2020 Mack, a commercial motor vehicle in interstate commerce, in the course and scope of employment for Defendant SAMUEL CORALUZZO CO., INC. d/b/a S. CORALUZZO CO., INC.

15.

On January 28, 2021, at approximately 10:15 PM, Defendant MANN was the operator of a 2020 Mack, a commercial motor vehicle in interstate commerce, in the course and scope of employment for Defendant PENCO LEASING, LLC.

16.

On January 28, 2021, at approximately 10:15 PM, Defendant MANN was the operator of a 2020 Mack, a commercial motor vehicle in interstate commerce, in the course and scope of employment for Defendants UNKNOWN XYZ CORPORATIONS.

17.

On January 28, 2021, at approximately 10:15 PM, Defendant MANN was also the operator of a towed trailer, operated as a single unit with the above-referenced Mack road tractor under the motor carrier authority of Defendant SAMUEL CORALUZZO CO., INC. d/b/a S. CORALUZZO CO., INC.

18.

On January 28, 2021, at approximately 10:15 PM, Defendant MANN was also the operator of a towed trailer, operated as a single unit with the above-referenced Mack Road tractor under the motor carrier authority of Defendant PENCO LEASING, LLC.

19.

On January 28, 2021, at approximately 10:15 PM, Defendant MANN was also the operator of a towed trailer, operated as a single unit with the above-referenced Mack road tractor under the motor carrier authority of Defendants UNKNOWN XYZ CORPORATIONS.

20.

On January 28, 2021, at approximately 10:15 PM, Ms. Green was in her vehicle, a 2020 Honda Accord EX, in the parking lot of a gas station waiting for a parking spot to become available. Ms. Green's vehicle was blocked by two other vehicles.

21.

Defendant MANN, waiting for a gas pump, negligently backed his tractor-trailer into Ms. Green's vehicle. Ms. Green was seated in the front driver's seat, restrained by a seatbelt.

22.

Due to negligence of Defendant MANN, and the forceful impact of the tractor-trailer, Ms. Green suffered numerous injuries.

23.

As a direct and proximate result of the foregoing, Plaintiff suffered physical injuries, physical and mental pain and suffering, past and future medical expenses, and loss of income and employment benefits, in total amounts not yet fully determined, but in no event less than $75,000.00, for which Plaintiff is entitled to recover damages in such amounts as may be supported by the evidence at trial and determined by the enlightened conscience of a fair and impartial jury.

**COUNT I – NEGLIGENCE AGAINST DEFENDANT MANN**

24.

Plaintiff repeats and realleges Paragraphs 1 through 23 as if fully set forth verbatim herein.

25.

Defendant MANN negligently backed into Plaintiff.

26.

Defendant MANN was negligent in failing to maintain a proper lookout for Plaintiff's vehicle and colliding with Plaintiff's vehicle.

27.

Defendant MANN was negligent in failing to make reasonable and proper observations while operating the tractor-trailer or, if reasonable and proper

observations were made, failing to act thereon.

28.

Defendant MANN was negligent in failing to observe or undertake the necessary precautions to keep from colliding with Plaintiff's vehicle.

29.

Defendant MANN was negligent in driving without exercising due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity.

30.

Defendant MANN was negligent in driving with reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390.

31.

Defendant MANN was negligent in committing other negligent and reckless acts and omissions as may be shown by evidence at trial.

32.

Defendant MANN's negligence is a proximate cause of the collision and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY AGAINST DEFENDANTS SAMUEL CORALUZZO CO., INC. d/b/a S. CORALUZZO CO., INC. AND PENCO LEASING, LLC

33.

Plaintiff repeats and realleges Paragraphs 1 through 32 as if fully set forth verbatim herein.

34.

At the time of the subject collision, Defendant MANN was operating his vehicle on behalf of Defendants.

35.

Defendants are interstate motor carriers pursuant to federal and states laws, are responsible for the actions of Defendant MANN in regard to the collision described in this Complaint under the doctrine of respondeat superior, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING, AND SUPERVISION AGAINST DEFENDANTS SAMUEL CORALUZZO CO., INC. d/b/a S. CORALUZZO CO., INC. AND PENCO LEASING, LLC

36.

Plaintiff repeats and realleges Paragraph 1 through 35 as if fully set forth verbatim herein.

37.

Defendants were negligent in hiring Defendant MANN and entrusting him to drive a tractor-trailer.

38.

Defendants were negligent in failing to properly train Defendant MANN.

39.

Defendants were negligent in failing to properly supervise Defendant MANN.

40.

Defendants' negligence in hiring Defendant MANN and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was a proximate cause of the collision, and Plaintiff's resulting injuries.

WHEREFORE, Plaintiff prays this Honorable Court grant the following:

(a)     That process issue;

(b)     That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(c)     That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of an impartial jury;

(d) That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of an impartial jury;

(e) That Plaintiff recover court costs, expenses of litigation, and reasonable attorney's fees pursuant to O.C.G.A. § 13-6-11 in an amount to be determined at trial; and

(f) That the Plaintiff be granted such other and further relief as this Court deems just and proper.

This the 7th day of January, 2022.

                        Respectfully submitted,
BY:  **BRODERICK LAW GROUP, P.C.**

*/s/ Jonathan Broderick*
**Jonathan Broderick**
Georgia Bar No: 351459
**Suzette Broderick**
Georgia Bar No. 963871

5950 Live Oak Parkway, Suite 370
Norcross, Georgia 30093
Tel: (404) 981-9935
Fax: (404) 793-0376
jonathan@blginjurylaw.com
suzy@blginjurylaw.com

**THE LAW OFFICE OF MAHDI ABDUR-RAHMAN, LLC**
**Mahdi Abdur-Rahman**
Georgia Bar No. 728252

206 Pryor Street, Suite C-2
Atlanta, Georgia 30303
Tel: (470) 225-8642
Fax: (404) 393-1849
mahdi@abdurrahmanlaw.com

*Attorneys for Plaintiff*